IKE J. ANDERSON v. THE STATE.

No. 6430. Decided November 30, 1921.

Rehearing Denied March 1, 1922.

1.—Assault to Murder—Bills of Exception—Statement of Facts.

The burden is upon appellant to establish that he has been deprived of his bills of exception without fault on his part, and in the absence of a statement of facts, the blame of the absence of a bill of exceptions should not be charged to the trial judge.

2.—Same—Bills of Exception—Affidavit—Practice on Appeal.

This court has been unable to conclude on a motion for rehearing that the matter was improperly decided in the original opinion, and the motion for rehearing will therefore be overruled.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Bassett & DeLee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for assault with intent to murder appellant's wife. Punishment, seven years in the penitentiary.

The record is before us without statement of facts or bills of exceptions. An affidavit appears among the papers, which was filed in this court by appellant's attorney on the day the case was submitted, in which he claims to have been deprived of his bills of exceptions by the trial judge. He makes no such claim as to the statement of facts. Attention of the judge having been called to the affidavit by the Assistant Attorney General, as affidavit has been filed by both the judge and his stenographer controverting the one made by the attorney. We can see no good results which would follow an extended review of the differences thus arising, nor any necessity for setting out the affidavits at length. It becomes our distasteful duty to settle an issue of fact between them. The burden is upon appellant to establish that he has been deprived of his bills of exceptions, without fault on his part. We are unable to conclude he has discharged this burden in view of the counter affidavits. The absence of a statement of facts, without attributing to the judge any responsibility therefor, is persuasive that the blame for the absence of the bills of exceptions should not be charged to him.

There being no questions subject to review in the absence of bills of exceptions and statement of facts, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

March 1, 1922.

LATTIMORE, JUDGE.—Appellant's attorney has filed another affidavit made by himself in support of his motion for rehearing. We have carefully examined same and while it is an amplification in some respects of the one on file at the time the original opinion herein was

written, it seems to present no additional facts upon which this court might be led to base a different conclusion. We are in the regrettable condition mentioned in the opinion, of having to decide between the affidavit of appellant's attorney on the one hand, and those of the trial judge and his court reporter on the other. We have been unable to conclude that the matter was improperly decided in the original opinion, and the motion for rehearing will be accordingly overruled.

*Overruled.*